IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF KELLY HUANG, BAR NO. 10372.

No. 82463

FILED

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Kelly Huang. Under the agreement, Huang admitted to violating RPC 1.3 (diligence), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 5.5 (unauthorized practice of law). He agreed to a six-month suspension stayed for one year, subject to certain conditions.

Huang has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that he violated the above-listed rules by failing to promptly pay his clients' lienholders and by having a nonlawyer assistant advise a client and execute the retainer agreement with the client. While Huang did not promptly pay the lienholders, he did hold the funds in trust and there was no misappropriation or misuse of those funds.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28

21-11069

(1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Huang admitted to negligently violating duties owed to his clients (diligence and safekeeping property) and to the profession (unauthorized practice of law). His clients were exposed to potential injury when their lienholders were not promptly paid. Additionally, some of his clients suffered needless worry, frustration, and anxiety. The baseline sanction for such misconduct, before considering aggravating or mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42(b) (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client"). The record supports the panel's findings of four aggravating circumstances (prior disciplinary offenses, pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and seven mitigating circumstances (absence of dishonest or selfish motive, personal or emotional problems, timely good faith effort to make restitution or rectify consequences of his misconduct, character or reputation, physical disability, remorse, and remoteness of prior offenses). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend Kelly Huang from the practice of law for six months from the date of this order, stayed for one year subject to the following conditions. Huang shall submit quarterly reports to the

SUPREME COURT
OF
NEVADA

(O) 1947A

2

State Bar during the stayed suspension as described in the panel's order and obtain a mental health evaluation from a licensed mental health provider and complete the recommended treatment. If bar counsel determines Huang has breached a term of the conditional guilty plea agreement, the parties shall follow the procedure outlined in the panel's order. Huang shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order, if he has not done so already. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Chair, Southern Nevada Disciplinary Board
Lipson Neilson P.C.
Bailey Kennedy
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court